Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00675
### Duval v Top-Flite Golf Company

| File Date | 07/08/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 08/03/2005 | Session | B - Civil B - CtRm 5 |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

*05CV30181-MAP* (handwritten)

| Service | 10/06/2005 | Answer | 12/05/2005 | Rule12/19/20 | 12/05/2005 |
|---|---|---|---|---|---|
| Rule 15 | 12/05/2005 | Discovery | 05/04/2006 | Rule 56 | 06/03/2006 |
| Final PTC | 07/03/2006 | Disposition | 09/01/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Paul Duval
Active 07/08/2005

**Private Counsel 069660**
Maurice M Cahillane
Egan Flanagan & Cohen
67 Market Street
PO Box 9035
Springfield, MA 01102-9035
Phone: 413-737-0260
Fax: 413-737-0121
Active 07/08/2005 Notify

**Defendant**
Top-Flite Golf Company
Served: 07/14/2005
Served (answr pending) 07/18/2005

**Private Counsel 405760**
Jay M Presser
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 08/03/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/08/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 07/08/2005 | | Origin 1, Type B22, Track F. |
| 07/18/2005 | 2.0 | SERVICE RETURNED: Top-Flite Golf Company(Defendant). |
| 08/03/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. |

### EVENTS



A TRUE COPY OF THE DOCKET MINUTES: IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this 15th day of August, 2005

*Deputy Assistant* Clerk

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

HAMPDEN COUNTY
SUPERIOR COURT
FILED
JUL 18 2005
_Marie G. Mazza_
CLERK-MAGISTRATE

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05-675

PAUL DUVAL _____, PLAINTIFF(S)

V.

TOP-FLITE GOLF COMPANY _____, DEFENDANT(S)

**SUMMONS**

To the above named defendant: Top-Flite Golf Company

You are hereby summoned and required to serve upon ___Maurice M. Cahillane, Esq._____, plaintiff's attorney, whose address is ___67 Market St., Springfield, MA___, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq., at Springfield the ___14th___ day of ___July___ in the year of our Lord two thousand five.

A true copy:
Attest:
_Barbara Holubecki_
Deputy Assistant Clerk

_Marie G. Mazza_
Clerk / Magistrate

Rule 4 of the Massachusetts Rules of Civil Procedure.
...dant is involved, the names of all such defendants should appear in the caption. If a separate
...fendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___7/14___, 2005 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Accepted For Service of Process

By: _____
Jay M. Presser, Esq.
For Top-Flite Golf Company

Dated: __July 15__, 2005

**N.B. TO PROCESS SERVER:**
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

(                           )
(            , 2005 )
(                           )

A true copy:

Attest:

_Barbara Holubecki_
Deputy Assistant Clerk

2005 JUL 18 A 11: 27
CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY

| CIVIL ACTION COVER SHEET | Docket No.(s) 05-675 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|
| PLAINTIFF(S) PAUL DUVAL | | DEFENDANT(S) TOP-FLITE GOLF COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Maurice M. Cahillane, Esq. Egan, Flanagan and Cohen, P.C. 67 Market Street Springfield, MA 01103   Tel: 413-737-0260 Board of Bar Overseers Number:   069660 | | ATTORNEY (if known) Jay M. Presser, Esq. Skoler, Abbott & Presser One Monarch Place Springfield, MA 01144 |

**Origin code and track Destination**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
                                                                    Subtotal $ _____
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . $ _____
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $ _____
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
F. Other documented items of damages (describe)
                                                                             $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                             $ _____
                                                                    TOTAL  $ _____

**CONTRACT CLAIMS**

Provide a det[ailed]...

                                                                    TOTAL  $ _____

PLEASE [...], NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify th[at I have complie]d with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _/s/ Maurice Cahillane_   DATE: July 7, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000                                                                            12084-050156\94063.wpd

*Stamp: HAMPDEN COUNTY SUPERIOR COURT FILED JUL -8 2005, Marie S. Mazza, CLERK-MAGISTRATE*

*A true copy: Attest: Barbara Holubecki, Deputy Assistant Clerk*

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                          Superior Court Division
                                                      Civil Action No.: 05· 675

PAUL DUVAL,                )
              Plaintiff    )
                           )                          HAMPDEN COUNTY
vs.                        )                          SUPERIOR COURT
                           )                          **FILED**
                           )                          JUL - 8 2005
TOP-FLITE GOLF COMPANY     )
              Defendants   )                          _____
                                                      CLERK-MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiff, Paul Duval, is a natural person residing at 42 Fairway Drive, Chicopee, Hampden County, Massachusetts.

2. The defendant, Top-Flite Golf Company, is a Delaware corporation with a principal place of business at 425 Meadow Street, Chicopee, Hampden County, Massachusetts.

3. The plaintiff was employed by the defendant, Top-Flite, and its predecessor from 1971 to July 21, 2004. At the time of his termination he served as Director Sales Promotion & Planning. He was 54 years old at the time. Plaintiff performed his job well and within the legitimate expectations of his employer.

4. In July 2004 the plaintiff was informed that he was being laid off as part of a downsizing of the workforce. He was subsequently replaced by an individual who was 31 years old.

5. At the same time, the four oldest employees in plaintiff's department were also let go.

1

6. Subsequently, the CEO of Top-Flite, Robert Penicka, made a public statement to the effect that he had created a younger management team by design.

7. The plaintiff was terminated because of his age.

## COUNT I

8. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7.

9. The defendant's actions violated 29 U.S.C., Section 626 (the Age Discrimination in Employment Act) by terminating the plaintiff because of his age. The actions of the defendant were intentional and willful.

WHEREFORE, the plaintiff prays that:

    a. That judgment be entered in his favor;

    b. That he be reinstated and awarded full compensatory damages;

    c. That he be awarded liquidated damages;

    d. That he be awarded attorneys fees, interest and costs.

    e. That the court grant such other relief as it deems just.

## COUNT II

10. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 9.

11. Defendants violated General Laws Chapter 151B, Section 4, by terminating the plaintiff because of his age. The actions of the defendant were intentional and willful.

WHEREFORE, the plaintiff prays that:

    a. That judgment be entered in his favor;

b.  That he be reinstated and awarded full compensatory damages;

c.  That he be awarded multiple damages;

d.  That he be awarded attorneys fees, interest and costs.

e.  That the court grant such other relief as it deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

THE PLAINTIFF, PAUL DUVAL
BY HIS ATTORNEY

Dated: 7/8/05

*/s/ Maurice Cahillane*
Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

11638-040587\92657.wpd

A true copy:

Attest:

*Barbara Holubecki*
Deputy Assistant Clerk

3