UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUVAL,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE TOP-FLITE GOLF COMPANY,<br><br>                    Defendant. | CIVIL ACTION NO. 05-30181-KPN<br><br>**DEFENDANT THE TOP-FLITE GOLF COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

NOW COMES Defendant, The Top-Flite Golf Company ("Top-Flite") and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for Summary Judgment on all claims brought against it by the Plaintiff, Paul Duval.

Top-Flite has filed a Statement of Undisputed Facts and Supporting Materials, as required by the rules. The reasons in support of this Motion are fully set forth in the accompanying Memorandum of Law in Support of Top-Flite's Motion For Summary Judgment. Briefly stated, the Plaintiff executed an agreement that expressly released Defendant from "…all debts, liabilities or obligations to you whatsoever, whether known or unknown, which may now exist, including without limitation, any arising under any federal, state, or local law regarding employment discrimination or termination. . . ." Plaintiff's age discrimination claims under G.L. c. 151B cannot be pursued in light of this release of claims.

Secondly, as to the claims of age discrimination, Defendant submits there are no genuine issues of material fact. Based on the undisputed evidence, even when viewed most favorably to Plaintiff, no reasonable fact finder could conclude that Plaintiff's age was the cause of his discharge.

      Lastly, even if the court were to find that Plaintiff was entitled to proceed, partial summary judgment should be issued. The undisputed facts demonstrate that subsequent to the creation of Defendant as a new company in September 2003, finance and sales positions, as well as hundreds of others, are no longer performed in Chicopee, and their responsibilities transferred to the offices of its parent company in California. This has resulted in the termination of hundreds of exempt salaried workers, not only including Plaintiff, but the individual Plaintiff contends was his replacement. Plaintiff is not entitled to backpay or frontpay for any period after the date his position would have been eliminated due to the major corporate restructuring that inevitably would have resulted in his layoff, just as it resulted in the layoff of his alleged replacement.

                                        Respectfully Submitted,

                                        /s/ Jay M. Presser
                                        Jay M. Presser, Esq.
                                        BBO No. 405760
                                        Counsel for Defendant
                                        Skoler, Abbott & Presser, P.C.
                                        One Monarch Place, Suite 2000
                                        Springfield, Massachusetts 01144
Dated: November 30, 2006         Tel. (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant The Top-Flite Golf Company's Motion for Summary Judgment* was served upon the attorney of record for each other party via electronic filing on November 30, 2006.

                                            /s/ Jay M. Presser
                                            Jay M. Presser, Esq.