UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUVAL,<br><br>                    Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>                    Defendant. | CIVIL ACTION NO. 05-30181-KPN<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM OFFERING ANY EVIDENCE OF FRONTPAY TO THE JURY** |

**Introduction**

The Defendant, Callaway Golf Ball Operations, Inc. (f/k/a The Top-Flite Golf Company), by and through its counsel Skoler, Abbott & Presser, P.C., submits this Motion in Limine to Preclude the Plaintiff From Offering Any Evidence to the Jury relating to putative frontpay or emotional distress damages. The sole remaining Count is Plaintiffs' claim that in 2004 he was terminated from his employment due to his age, in violation of the Age Discrimination in Employment Act ("ADEA").[1]

Emotional distress damages are not available under the A.D.E.A. Therefore, any testimony regarding the alleged emotional distress suffered by Plaintiff is wholly irrelevant and prejudicial.[2]

---

[1] Each Plaintiff originally asserted claims of age discrimination under M.G.L.. ch. 151B. However, this court properly dismissed those state law claims in its August 7, 2007 Order granting Defendant's Motion for Summary Judgment, leaving only the federal claims under the ADEA.

[2] This would included, but would not be limited to, references in the Expert Report to the distress suffered and the role of the jury in assessing damages for such stress. A separate motion regarding the expert has been filed.

Frontpay is available as an equitable remedy under certain circumstances, *i.e.,* after the court determines that reinstatement is not practical. All issues regarding front pay are to be decided by the court and not the jury. It is within the court's discretion to award frontpay damages and if it decides to award such damages, it is up to the court, and not the jury, to determine the proper amount based on equitable consideration. Therefore, the Defendant requests that all testimony and other evidence regarding the issue of front pay be withheld from the jury and the issue should not be addressed to the jury.

### **Argument**

In the First Circuit, awards of front pay under the A.D.E.A. are decided by the court and not the jury. Kelly v. Airborne Freight Corp., 140 F.3d 335, 354 (1st Cir. 1998), *cert. denied* 525 U.S. 932 (1998). In Kelly, the court stated "[w]ithin federal employment discrimination law, front pay is generally an equitable remedy awarded by the court, while, under ch. 151B, the jury awards front pay." Id. at 354 (*citing,* Lussier v. Runyon, 50 F.3d 1103, 1108 (1st Cir. 1995)); Currier v. United Technologies Corp., 326 F. Supp. 2d 145, 158 (D. Me. 2004), *aff'd* 393 F.3d 246 (1st Cir. 2004). S*ee also* Wildman v. Lerner Stores Corp., 771 F.2d 605, 616 (1st Cir. 1985); Dominic v. Consolidated Edison Co. of New York, Inc., 822 F.2d 1249, 1257 (2d 1987) (it is a "common sense result", in light of the legislative history, for the judge, and not the jury, to decide all frontpay issues under the A.D.E.A.); Mattenson v. Baxter Healthcare Corp., 438 F.3d 763, 771 (7th Cir. 2006) ("Frontpay is an equitable, not a legal, remedy, so it is decided by the judge, not the jury.) (*citations omitted*); Harding v. Ciabro Corp., 498 F. Supp. 2d 337, 342 (D. Me. 2007); Currier v. United Technologies Corp., 326 F. Supp. 2d 145, 158 (D. Me. 2004),

*aff'd* 393 F.3d 246 (1st Cir. 2004).

Indeed, under extant law, the judge's discretion regarding frontpay is based on considerations that are not before the jury. Thus, frontpay is awarded only when the court determines that reinstatement is impossible or impracticable.[3] Kelley v. Airborne Freight Corp., 140 F.3d at 353; Wildman v. Lerner Stores Corp., 771 F.2d 605, 615 (1st Cir. 1985), *abrogated on other grounds by* Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 717-718, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987). Furthermore, an award of front pay is affected by whether liquidated damages are awarded. Powers v. Grinnell Corp., 915 F.2d 34, 42 (1st Cir. 1990).

Therefore, evidence regarding emotional distress or front pay is both irrelevant to any issue before the jury, and unduly prejudicial and should be precluded.

Respectfully submitted,

 /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated: February 19, 2008        Tel.: (413) 737-4753/Fax: (413) 787-1941

---

[3] Reinstatement is generally deemed impractical or impossible when there is a degree of animosity between the parties that precludes a return to work. That would not seem to be the case here, where all decision-makers and the former president no longer work for the Defendant. While Defendant submits that reinstatement is impossible or impractical due to the elimination of the position, as discussed in a separate motion this does not warrant frontpay for a job that no longer exists, but rather, precludes backpay or frontpay from that time forward.

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion in Limine to Preclude the Plaintiffs from Offering Any Evidence of Frontpay to the Jury* was served upon the attorney of record for each other party via electronic filing, on Febuary 19, 2008.

                                              /s/ Jay M. Presser, Esq.
                                              Jay M. Presser, Esq.