UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUVAL,<br><br>        Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 05-30181-KPN<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY RELATING TO DAMAGES FOR WHICH PLAINTIFF HAS FAILED TO PRODUCE HIS TAX AND OTHER RELEVANT FINANCIAL RECORDS** |

  Plaintiff, laid off in 2004, has alleged that his termination violated the A.D.E.A. and seeks backpay, frontpay[1], and liquidated damages. Defendant moves to preclude testimony and references to damages for which Plaintiff has failed to comply with discovery obligations

  On October 19, 2005, along with serving Interrogatories[2], in order to explore potential damages, mitigation and interim earnings, Defendant requested in its first Request for Production of Documents, inter alia:

> All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2001 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.[3]

---

[1] A separate motion has been filed to the effect that evidence of frontpay cannot be presented to the jury, but is a matter to be decided by the court.

[2] In its First Set of Interrogatories Defendant's asked:

If you have received income from any source, not identified in your response to the preceding Interrogatories, subsequent to your employment with Defendant, please identify such source and the dates and amounts received on such dates.

[3] The request was noted as "continuing."

1

Some but not all such documents and returns were produced at Plaintiff's deposition. Plaintiff then identified an economist expert, whose reports indicated that he reviewed the tax returns. A subpoena was issued ordering the expert to bring all such returns and other documents relied upon to a deposition conducted January 25, 2008. However, the expert brought some, but not all relevant information in his possession. Indeed he did not bring all the documents, including all the tax returns that he had listed as being reviewed in his report. He indicated he would forward the materials, at least those he had indicated that he had in his possession[4], but has not done so.

Plaintiff has not supplemented his Document Responses either directly, or through the expert, whose front pay damages include years for which interim earnings calculations would be a critical issue. Plaintiff's expert has not even produced the returns that, at deposition he indicated would be forwarded promised. Defendant submits that Plaintiff's failure to timely produce the financial records precludes testimony at trial relating to damages for any year for which the information has not been provided.

Thus, Plaintiff's duty to supplement discovery responses is mandatory. Rule 26(a)(3) (C) requires each party to disclose to the other parties, without awaiting a discovery request the following:

> (c) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

---

[4] This issue is addressed in the Motion to Preclude the Testimony of the Expert, which includes a copy of the Deposition as an exhibit.

Further, under Fed. R. Civ. P. 26(e)(2) a party is under a duty *seasonably* to amend a prior response to an interrogatory or document request if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  It is clear that Plaintiff had received earnings from having been employed since separation from employment with Defendant and had a duty to seasonably amend prior responses.  Indeed, Rule 26's purpose is to "prevent trial by ambush."  See Advisory Committee Note to Rule 26(b)(4); BASF v. The Old World Trading Co., 1992 WL 22201 *4 (N.D. Ill. 2002).

Failure to timely supplement discovery responses properly results in the exclusion from evidence at trial, and other sanctions.  *See, e.g.*, Ismail v. Cohen, 706 F. Supp. 243 (S.D.N.Y. 1989) (noting that evidence on lost income must be precluded from evidence at trial when plaintiff does not update interrogatory answers and produce the requested documents related to alleged lost income).  Pursuant to Fed. R. Civ.  P. 37(c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing ,or on a motion any witness or information not so disclosed. . . . In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C), and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

As noted by the First Circuit in Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19-20 (1st Cir. 2001, in 1993, the Federal Rules were amended to add Rule 37(c)(1),

to "give teeth to a significantly broadened duty to supplement Rule 26 disclosures by making mandatory preclusion the required sanction in the ordinary case." *See also* Klonoski v. Mahlab*,* 156 F.3d 255, 269 (1st Cir.1998).  Moreover, the federal courts' supervision of the discovery process, and the courts' concomitant authority to upbraid those who do not play by the rules, is rooted in the need for maintaining the integrity of the trial process.  Hence, the impetus behind a court's deployment of sanctions is not merely to punish a party for untoward acts or omissions; it is, equally, to deter other litigants from disregarding the imperatives of the Civil Rules.  *See* Barreto v. Citibank, N.A.*,* 907 F.2d 15, 16 (1st Cir.1990); Thibeault, 960 F.2d at 245.  Even before the 1993 amendments, in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), the Supreme Court stressed the policy reasons for enforcing the discovery rules.  The most severe sanctions provided by the rules, the Court explained, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 643, 96 S.Ct. 2778.  While a warning alone might have made the plaintiffs in that case comply with all future discovery orders, "other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts." Id.  Thus, enforcement of discovery rules and orders is necessary, the Court concluded, to prevent abuse by future litigants. Id.; *see also* Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998).

In the present matter, there is no "substantial" or other justification excusing Plaintiff from providing Defendant with his earnings post-Callaway employment, which

earnings are directly relevant to both the damages they allege to have suffered and mitigation of those damages. S*ee, e.g.* Petroleum Ins. Agency, Inc. v. Hartford Acc. and Indem. Co., 106 F.R.D. 59, 68 (D. Mass. 1985) (noting that failure to disclose new facts is knowing concealment when there is actual knowledge of the new information and actual knowledge that it is inconsistent with a response previously made).

Defendant sits here on the eve of trial without relevant information, clearly available to Plaintiff, that is important to assessing what Plaintiff's post-Callaway Golf Ball earnings have been. This aversion of the discovery process should not be allowed and evidence of damages for such years should be excluded.

Respectfully submitted,

   /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated: February 20, 2008    Tel.: (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion In Limine To Preclude Testimony Relating To Damages For Which Plaintiff Has Failed To Produce His Tax And Other Relevant Financial Records* was served upon the attorney of record for each other party via electronic filing, on February 20, 2008.

   /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.