UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUVAL,<br>        Plaintiff<br><br>vs.<br><br>THE TOP-FLITE GOLF COMPANY,<br>        Defendant | CIVIL ACTION NO.: 05-30181-MAP |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**I.    LIABILITY**

1.   The plaintiff, Paul Duval, bears the burden of proving his claims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means that such evidence, as when considered and compared with evidence opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted by the plaintiff is so much more convincing than the evidence offered in opposition to it that it tips the scale somewhat to the plaintiff's side, then the plaintiff has proved the claim by a preponderance of the evidence. If the plaintiff carries his burden on a claim, you should return a verdict for the plaintiff and then turn to the issue of damages. The plaintiff does not need to prove his case beyond a reasonable doubt, as in a criminal prosecution. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind. The burden in a civil case is less: the test is whether the plaintiff has proved his allegations are more likely true than not true.

2.   It is unlawful for an employer to discriminate intentionally against any person with respect to compensation, tenure, conditions or privileges of employment because of that person's age if they are over forty. In this case, the plaintiff, Paul Duval, alleges that the

defendant, the Top Flite Golf Company, discriminated against him because of his age by terminating his employment. If he proves this claim by a preponderance of the evidence, then you will return a verdict in his favor and address the issue of damages.

3. To prove discrimination based on age, the plaintiff bears the burden of proving by a preponderance of the evidence: (1) that the defendant took an adverse employment action against him; and (2) that age was a motivating factor in the defendant's decision to take this action such that except for his age, the adverse action would not have been taken.
*29 USC 621 et. seq.*

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *McDonnell-Douglas Corp., v. Green,* 411 U.S. 792 (1973)

4. The plaintiff, Paul Duval, need not show that discrimination was the only, or even the predominant, factor that motivated the defendant. In fact, you may decide that other factors were involved in the defendant's decision making process. However, in order for you to return a verdict for the plaintiff, you must find that he has proved that, although there may have been other factors, he would not have been terminated except for his age.

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *McDonnell-Douglas Corp., v. Green,* 411 U.S. 792 (1973)

5. You should carefully consider the believability of the defendant's explanation of its reasons to determine whether a non-discriminatory reason offered by the defendant was actually a cover up or pretext for discrimination. False or inconsistent reasons, if any, offered to explain an adverse employment action may be evidence that the real reason for the action was discrimination. In other words, the credibility, or lack of credibility of the reason or reasons offered by the defendant to explain its adverse employment action may be considered by you in determining whether that reason or those reasons were the true explanation for the defendant's decision or merely a smokescreen for discrimination. If you find that the defendant's explanation for its action was a pretext, that evidence alone may, or may not, be sufficient to justify a conclusion that the defendant's true reason for its action was discriminatory.
*Reeves, supra, McDonnell-Douglas, supra*; and *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

6. In analyzing the plaintiff's claims, keep in mind that the defendant, Top Flite Golf Company, acts through its employees and is responsible for the actions of supervisors on whom it has conferred authority. In other words, a decision by a supervisor should be considered an action by the defendant.

7. Note than an employer may not necessarily acknowledge its bias. Nevertheless, adverse employment actions that are intentionally taken because stereotypical, discriminatory attitudes about an employee based on his age, violate the laws prohibiting discrimination. A plaintiff in a discrimination case is not required to produce direct evidence of bias on the part of the defendant. Intentional discrimination, if it exists, is seldom admitted and is sometimes concealed. In weighing whether discrimination has been proved, you may consider circumstantial, or inferential, evidence meaning evidence that indirectly shows what motivated the defendant's decisions. You may infer a person's intent from all of the surrounding circumstances, and you may consider that a person intended the natural and probable consequences of his or her actions. One piece of circumstantial evidence that might be considered by you is whether similarly situated younger employees were treated more favorably than older employees with regard to layoffs.

   *Reeves, supra; McDonnell-Douglas, supra; and St. Mary's Honor Center v. Hicks, supra.*

8. In the case of a layoff, the plaintiff must show by a preponderance of the evidence: (1) that he was within the protected class; (2) that he performed his job within the legitimate expectations of the employer; (3) that he was terminated; and (4) that there was a continuing need for the services provided by the position for which he was discharged or that age was not treated neutrally in the decision to lay him off.

   *Currier v. United Technologies Corp.*, 393 F3d 246, 254, (1st Cir. 2004), *Zades v. Lowe's Home Centers, Inc.*, 446 F.Supp. 2d, 29, 37d Mass. (2006); see also *Palasota v. Haggar Clothing Company*, 342 F. 3d 569 (5th Cir. 2003)

9. That there were some employees who are over forty who were retained, or even among replacements, does not foreclose the issue of age discrimination if there are other factors demonstrating age discrimination.
   *Beirne v. Fieldcrest Cannon, Inc.*, 74 FEP Cases 30 (S.D.N.Y. 1997)

10. In considering whether the plaintiff was replaced or there were available jobs, as long as the jobs being compared have similar functions and titles, the jobs of employees retained need not be the same as the jobs eliminated, for a laid off worker to show discrimination. It is sufficient if those absorbing the employee's duties are younger than the plaintiff. The plaintiff has satisfied his case if he shows that his job responsibilities were assumed by another employee, thereby showing the employer's continued need for the same services and skills.

*Burger v. N.Y. Institute of Technology*, 94 F.3rd 930 (2nd Cir. 1996); *Miller v. Border, Inc.*, 160 F.3rd 308 (7th Cir. 1999); *Hamilton v. National Propane*, 276 F.Supp. 934 (W.D. Wisc. 2002); *Keirsling v. SER/Jobs For Players, Inc.*, 17 F.3d, 755 (1st Cir. 1994); see also S*eapier v. Johnson & Higgins*, 45 F. 3d 724 (3rd Cir. 1995), *Christian v. Scor Reinsurance Company*, 63 FEP 1219 N.D. Tex. 1993).

11. The plaintiff can also satisfy his burden of proof by evidence of biased comments by the employer or his supervisors. This can include comments about an employee's age, an employee's willingness to adapt to new or different ways, and comments about employees being "overqualified".

*Machenchick v. P.D. Power, Inc.*, 398 F. 3d 345 (5th Cir. 2005); *Taggert v. Time, Inc.*, 924 F.2d 43-47 (2nd Cir. 1991).

12. If you determine that the plaintiff was discriminated against, on the basis of age, then you will also be asked to answer the question of whether or not that decision was willful. The employer's action is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Age Discrimination In Employment Act. In another words, if the employer knew that age discrimination was illegal and you have found that age was one of the reasons for the termination, then you must find that the action was willful. Willful conduct is conduct that it not merely negligent. Therefore, where an employer either knew or showed reckless disregard of whether its conduct was prohibited by law, the violation is willful.
*Hazen Paper Company v. Biggins, 507 U.S. 604, 614-617 (1993).*

II.  **DAMAGES**

13. If you find for the plaintiff, you may award him damages that he has suffered as a result of the unlawful discrimination by the defendant. The plaintiff is entitled to recover all lost pay or back wages, including not only lost salary but all other financial benefits to which he would have been entitled from the date of his discharge to the present minus the other wage and benefit income he has earned from other sources.

    *Marshall v. Goodyear Tire and Rubber, Co.*, 554 F.2d 773 (5th Cir. 1977); *Cotes v. National Cash Register, Co.*, 433 F.Supp. 655 (W.D. Va. 1977); *Kossman v. Calumet County*, 849 F. 2d 1027 (7th Cir. 1988); *Hoffman v. Nissan Motor Corp.*, 511 F.Supp. 352 (D.N.H. 1981); *Sharkey v. Lasmo*, (AUL LTD), 214 F. 3d. 371 (2nd Cir. 2000).

14. In determining the amount of back pay and benefit award, you may consider that the plaintiff may incur additional income tax expenses as a result of the damages being awarded in a lump sum.

    *Gelof v. Papineau*, 648 F.Supp. 912 (D. Del. 1986) affirmed in part and vacated in part 829 F. 2d 452 (3rd Cir. 1987) *on remand* 47 FEP 1079 (D. Del. 1987).

15. A plaintiff has a duty to mitigate, that is he must make reasonable efforts to find other employment after he has been discharged. In order to deny the plaintiff any back pay or benefits, the burden is on the employer to show that the plaintiff did not engage in any reasonable effort or actually refused reasonable employment opportunities that he otherwise could have had.

    *EEOC v. Pape Lift Inc.*, 115 F. 3d 676 (9th Cir. 1977); *Starceski v. Westinghouse Electric Corp.*, 54 F. 3d 1089 (3rd Cir. 1995); *Buckholz v. Symons Manufacturing Company*, 445 F.Supp. 706, (E.D. Wisc. 1978).

16. If, in seeking other employment, the employee has started his own business or engaged in self employment, that still equals employment sufficient to mitigate damages.

    *Smith v. Great American Restaurants Inc.*, 969 F. 2d 430 (7th Cir. 1992); *Carden v. Westinghouse Electric Corp.*, 850 F. 2d 996 (3rd Cir. 1988).

17. You should also consider whether or not the plaintiff is entitled to what is called front pay. That is the amount of damages the plaintiff will suffer in terms of lost pay and

benefits from the date of your verdict going forward into the future. As with back pay and benefits, front pay and benefits should be reduced by the amounts expected to be earned in future employment.

*Wildman v. Lerner Stores, Corp.* 771 F. 2d 605 (1st Cir. 1985) *overruled in part on other grounds, as stated in Lipset v. Blanco*, 975 F.2d 934 (1st Cir. 1992); *Pierce v. Santa Fe Railroad*, 65 F.3d 562 (7th Cir. 1995)

Dated: <u>January 28, 2007</u>   THE PLAINTIFF, PAUL DUVAL
BY HIS ATTORNEY

_____
Maurice M. Cahillane, Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 069660

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 28th day of January, 2008, on all parties, by hand delivery or First Class Mail, postage prepaid, to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

_____
Maurice M. Cahillane

12084-050156\Document in ProLaw