UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUVAL,           )<br>      Plaintiff           )<br>                                 )<br>vs.                              )<br>                                 )<br>CALLAWAY GOLF BALL OPERATIONS, INC.,  )<br>      Defendant          ) | CIVIL ACTION NO.: 05-30181-KPN |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO LIMIT TESTIMONY REGARDING BACK PAY
DAMAGES AFTER 2005**

Now comes the Plaintiffs and oppose the Defendant's Motion to Limit Back Pay Damages After 2005.

1. Defendant's motion is an admitted attempt on their part to refile part of their summary judgment motion previously denied. It is not the proper subject for a motion in limine. It is an attempt to try in limine issues that should be the subject of evidence at trial. Defendants assert that all of corporate finance functions were moved out of the Chicopee location and transferred to California at the end of December 2005. Obviously, from the Defendant's motion the decision was made by the parent corporation which clearly has full control over its wholly owned subsidiary. Numerous issues arise from this that would have to be determined by evidence, not by the Defendant's own assertions on a motion in limine. Defendants do not provide evidence as to whether or not there would be an opportunity for the Plaintiff to either move to a position in California or take some other position within the remaining structure elsewhere. Defendants do note that the Chicopee operation has in fact boomed during the pendency of this lawsuit, and that there are more workers there now than there had been before.

2. It should also be noted that there should not be a cutoff of damages for back pay as of December, 2005, even on the basis of what the Defendants are stating since, at that time, the Plaintiffs would presumably still have been entitled to the severance pay that they received anyway, which would carry their damages well into 2006.

3. Defendants assert that the Plaintiffs have an obligation to identify positions upon which an award of damages is to be based. The Plaintiffs have done so.

4. Paul Duval's case demonstrates the pitfalls of trying to do by motion in limine which should be done by evidence in the trial. Mr. Duval's termination in July, 2004 was not really a layoff for economic reasons at all. Mr. Bosworth the then head of the department, testified that the sales department was not looking to reduce its numbers. Bosworth had hired his young friend, Reid Gorman to essentially replace Mr. Duval, and then subsequently let Mr. Duval go. It was not part of any general reduction in the sales workforce. From 2003 to 2005 the company made a number of changes in the way it handled sales, but it is speculation on the Defendant's part to assert that those changes would have meant that Paul Duval could not have survived if he had never been a victim of age discrimination. The Defendant asserts that there were no sales employees or sales managers employed by it by the end of 2005. This may be true but is inherently deceptive. The company simply decided to have its golf balls sold by either independent representatives (in many cases the same individuals who had been sales persons) and/or to have the sales operation merge into the parent corporation Callaway Golf again with some or all of the same individuals. The evidence will show that since 2004 to the present time Callaway and Top Flite are selling more golf balls then they ever sold, and it cannot be that they no longer have any sales personnel either in direct field sales or in management. Those individuals may have different titles and they may be employed by the parent corporation or

independent representatives, but all of those opportunities would have been available to Mr. Duval if he had not been discriminated against.  In footnote 8 the Defendant rather deceptively states that only 5 of 121 individuals involved in sales were still with the company.  In doing this they picked not the date of 2005 that the motion concerns, but the date September, 2003.  That, of course, would include people who had been selling other products that Spalding had had, and would also include a time period September, 2003 when Mr. Duval was not in the position from which he was laid off.  Overall, the company has prospered and the idea that there would not have been sales or sales management opportunities available to Mr. Duval at the end of 2005 is preposterous.  Defendant's argument also ignores the fact that Mr. Duval had a wealth of experience in the company, and not just related to sales.  With the exception of finance, and research and development, Mr. Duval had worked in every single area of the company.  At his deposition he identified a number of jobs available at the Chicopee facility at the height of the layoffs which he would have been fully capable of performing.  It should also be noted that the changes that occurred in 2005 with respect to its sales force were a result of the fact that under Mr. Bosworth and Mr. Gorman sales had declined in 2004 and 2005.  The failure of the "young by design" team was clearly part of the reason why the company decided to make changes in the way it allocated its sales force and then decided to merge it with Callaway in California. Nonetheless, one can tell even from Defendant's motion, the company continues to have a large sales force and that there would have been opportunities for Mr. Duval.  It should also be noted that in this respect sales is not like other positions, especially production positions in Chicopee. Salesman can work from almost any location, including their home, since their job is to deal with customers who are all around the country and not necessarily located in Chicopee.

                        THE PLAINTIFF, PAUL DUVAL
                        BY HIS ATTORNEY

Dated: February 25, 2008        /S/ Maurice M. Cahillane
                                      Maurice M. Cahillane, Esq.
                                      EGAN, FLANAGAN AND COHEN, P.C.
                                      67 Market Street - Post Office Box 9035
                                      Springfield, MA 01102
                                      (413) 737-0260; Fax: (413) 737-0121
                                      BBO# 069660

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served this 25nd day of February, 2008, on all parties, by electronic delivery to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

                                        /S/ Maurice M. Cahillane_
                                        Maurice M. Cahillane, Esq.

12084-050156\152985